CV 08 0533
★FILED★
2008 FEB -8 AM 9:58
CLERK
U.S. DISTRICT COURT
E.D.N.Y.

John L. Juliano (7625)
John L. Juliano, P.C.
39 Doyle Court
East Northport, New York 11731

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK:
-------------------------------------------------------------------X
EDWARD GORMAN and NICOLE GOLDENBERG,

              Plaintiffs,

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
SHERIFF, VINCENT F. DeMARCO, CHARLES E.
EWALD WARDEN OF SUFFOLK COUNTY JAIL,
SUFFOLK COUNTY SHERIFF'S OFFICE, ROBERT
WEISS, and CORRECTION OFFICERS "JOHN DOES
1-10",

              Defendants.
-------------------------------------------------------------------X

**VERIFIED COMPLAINT**

**JURY DEMANDED**

SPATT, J.

TOMLINSON, M

Plaintiff, by his attorney, John L. Juliano, Esq., as and for his complaint herein, respectfully alleges as follows:

PRELIMINARY STATEMENT

1.    Plaintiffs seeks compensatory and punitive damages and those allowed by statute including attorneys fees against the defendants, individually and collectively, on account of the serious physical and emotional injuries sustained by the plaintiff, EDWARD GORMAN, arising from the continuous violation of the plaintiff's civil rights, which included among other things, assault, battery and negligence causing permanent personal injuries to the plaintiff, EDWARD GORMAN, in violation of plaintiff's civil rights by the members of Suffolk County Sheriff's Office, its agents, servants, and/or employees employed by the County of Suffolk, State of New York, in particular, Suffolk County Sheriff's Department, correction officer, ROBERT WEISS and Correction Officers "John Does 1-10".

1

2. Plaintiffs allege that because of the defendants' actions, duplicity and acts of omission and commission, individually and collectively, and the conduct, policies and practices of the defendant parties, individually and collectively, the plaintiff suffered serious physical and emotional injuries, without which, such actions, conduct, policies and customs of the defendants, both individually and collectively, he would not have suffered and endured.

3. Plaintiffs further allege that the defendants, individually and collectively, failed to restrain the co-defendants, ROBERT WEISS and CORRECTION OFFICERS "JOHN DOES 1-10", from committing the unlawful acts upon the person of the plaintiff, EDWARD GORMAN.

4. This is also an action for damages sustained by EDWARD GORMAN, a citizen of the United States, against the SUFFOLK COUNTY SHERIFF, VINCENT F. DeMARCO, and CHARLES E. EWALD, WARDEN OF SUFFOLK COUNTY JAIL as the supervisory officers responsible for the conduct of the defendant officers and for their failure to take corrective action with respect to protection policies of the Suffolk County and assure proper training and supervision of said personnel, or to implement meaningful procedures designed to discourage lawless official conduct; and against the County of Suffolk, New York, as the employer of the sheriff's personnel, which is sued as a person under 42 U.S.C. § 1983.

5. The plaintiff, EDWARD GORMAN, alleges that the defendants, individually and collectively, by their actions, conduct, complicity, policies, practices and customs, violated the plaintiff, EDWARD GORMAN'S constitutional and civil rights pursuant to the United States Constitution and New York State Constitution.

6. This is an action seeking redress for the violation of the plaintiff, EDWARD GORMAN'S constitutional and civil rights and the rights otherwise guaranteed to them under the laws and the Constitution of the United States of America and the laws and the Constitution

of the State of New York.

## JURISDICTION

7. Jurisdiction of this court is invoked pursuant to and by virtue of 28 U.S.C., Sections 1331, 1343, and 42 U.S.C., Section 1983 and 1988, in that this action arises under United States' Constitution and particularly under the provisions of the Fourth, Fifth and Fourteenth Amendment to the United States' Constitution and the Federal Civil Rights Act. Plaintiff further invokes the jurisdiction of this court pursuant to the supplemental jurisdictional provisions as set forth in 28 U.S.C., Section 1367.

8. Plaintiffs further request that this court exercise its discretion to invoke supplemental jursdiction over any and all state law claims deriving from and out of the nucleus of common facts, transactions and occurrences which give rise to the federally based claims and causes of action set forth in this complaint.

9. The violations of the plaintiff, EDWARD GORMAN'S rights as alleged herein were committed within the State of New York.

10. The amount in controversy is in excess of One Hundred fifty ($150,000.00) dollars.

## PARTIES

11. The plaintiffs, EDWARD GORMAN and NICOLE GOLDENBERG, are citizens of the United States of America and were at all times hereinafter mentioned, a resident of the State of New York, County of Suffolk.

12. Upon information and belief, at all times hereafter mentioned, the defendant, ROBERT WEISS, was and still is a resident of the County of Suffolk, State of New York and a citizen of the United States of America.

13. At all times relevant hereto, defendants, ROBERT WEISS and CORRECTION OFFICERS "JOHN DOES 1-10" were Correction Officers employed by the defendants the SUFFOLK COUNTY JAIL and/or the SUFFOLK COUNTY SHERIFF'S OFFICE to perform duties at the Suffolk County Jail, located in Riverhead, New York.

14. At all relevant times herein, ROBERT WEISS and the CORRECTION OFFICERS "JOHN DOES 1-10" were acting individually and in the capacity as the agents, servants, and employees of defendant, County of Suffolk. They are sued individually and in their official capacities.

15. At all times relevant hereto, the defendant, VINCENT F. DeMARCO, was at the time of the alleged incidents and is currently the Suffolk County Sheriff.

16. At all times relevant hereto, the defendant, CHARLES E. EWALD, was and still is the Warden Of Suffolk County Jail.

17. The defendants, VINCENT F. DeMARCO and CHARLES E. EWALD, were the commanding officers of the defendants, ROBERT WEISS and the CORRECTION OFFICERS "JOHN DOES 1-10" and were responsible for their training, supervision and conduct. They were and still are responsible by law for enforcing the regulations of the Suffolk County jail and for ensuring that Suffolk County personnel obey the laws of the State of New York and the United States of America.

18. At all relevant times, VINCENT F. DeMARCO, and CHARLES E. EWALD were acting in their capacities as the agents, servants, and employees of defendant, County of Suffolk. The defendants, VINCENT F. DeMARCO, and CHARLES E. EWALD, are in their official capacity.

19. Upon information and belief, the defendant, County of Suffolk (the "County") is a

4

municipal corporation within the State of New York, and at all times relevant hereto, it employed the defendant, ROBERT WEISS and all of the defendant CORRECTION OFFICERS "JOHN DOES 1-10", and the defendants, VINCENT F. DeMARCO, and CHARLES E. EWALD.

20. At all times relevant hereto and in all their actions described herein, the defendants, ROBERT WEISS, CORRECTION OFFICERS "JOHN DOES 1-10", VINCENT F. DeMARCO, and CHARLES E. EWALD, were acting under color of law and pursuant to their authority as law enforcement.

## COUNT ONE
### (Against All Defendants)
### Federal Cause of Action Under 42 U.S.C. § 1983

21. On April 9, 2007, the plaintiff, EDWARD GORMAN, was sentenced to five (5) months incarceration in the Suffolk County Jail, located in Riverhead, New York, for a violation of probation charge filed in the First District Court, County of Suffolk, State of New York.

22. Upon information and belief, on or about May 1, 2007, at approximately 4:30 P.M., while the plaintiff was detained and secured in the Suffolk County Jail located in Riverhead, New York, the defendants, ROBERT WEISS and CORRECTION OFFICERS "JOHN DOES 1-10" committed assaults and batteries against the person of the plaintiff, EDWARD GORMAN.

23. Upon information and belief, after the May 1, 2007, incident with defendants, ROBERT WEISS and CORRECTION OFFICERS "JOHN DOES 1-10", the plaintiff was taken to the Emergency Room of the Peconic Bay Medical Center and treated for severe and permanent injuries, including, but not limited to an orbital skull fracture, head trauma, a three (3) centimeter laceration over the plaintiff's left eye-brow requiring twelve (12) sutures and other severe wounds and abrasions he sustained during the incident.

24. The conduct of the defendants, individually and collectively, and in their official capacity, deprived the plaintiff, EDWARD GORMAN, of the following rights, privileges and immunity secured to him by the Constitutions of the United States and State of New York: The right of the plaintiff to be protected and secure while in the custody of law enforcement under the Fourth and Fourteenth Amendments to the Constitution of the United States of America; the right of the plaintiff not to be deprived of the substantive rights of due process of law secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America and the State of New York; the right of the plaintiff under Section 42 U.S.C. Sections 1982, 1983 and 1985, to redress of Constitutional violations and Civil Rights violations guaranteed the Civil Rights Act.

25. The acts, conduct and behavior of the defendants and each of them individually and collectively were performed knowingly, intentionally, maliciously and in violation of the aforesaid laws and the Constitutions of the United States of America and the State of New York, by reason of which the plaintiff, EDWARD GORMAN, has been damaged in the sum of Ten Million ($10,000,000.00) dollars.

## COUNT TWO
### (Against All Defendants)
### Federal Cause of Action Under 42 U.S.C. § 1983

26. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "25" of the verified complaint as if fully set forth at length herein.

27. Upon information and belief, on or about May 4, 2007, while the plaintiff was detained and secured in the Suffolk County Jail located in Riverhead, New York, the defendants, ROBERT WEISS and CORRECTION OFFICERS "JOHN DOES 1-10", committed assaults and batteries against the person of the plaintiff, EDWARD GORMAN.

28. Upon information and belief, after the May 4, 2007, assault and battery committed by the defendants, ROBERT WEISS and CORRECTION OFFICERS "JOHN DOES 1-10", the plaintiff was again taken to the Hospital and treated for severe and permanent injuries, including, but not limited to a fractured nose.

29. The conduct of the defendants, individually and collectively, and in their official capacity, deprived the plaintiff, EDWARD GORMAN, of the following rights, privileges and immunity secured to him by the Constitutions of the United States and State of New York: The right of the plaintiff to be protected and secure while in the custody of law enforcement under the Fourth and Fourteenth Amendments to the Constitution of the United States of America; the right of the plaintiff not to be deprived of the substantive rights of due process of law secured by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States of America and the State of New York; the right of the plaintiff under Section 42 U.S.C. Sections 1982, 1983 and 1985, to redress of Constitutional violations and Civil Rights violations guaranteed the Civil Rights Act.

30. As a result of the violations hereinbefore set forth, plaintiff, EDWARD GORMAN, has been damaged in the sum of Ten Million ($10,000,000.00) dollars.

### COUNT THREE
### (Against Defendants, ROBERT WEISS and CORRECTION OFFICERS "JOHN DOES 1-10")
### Assault and Battery

31. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "30" of the verified complaint as if fully set forth at length herein.

32. Upon information and belief, on or about May 1, 2007, the defendants, ROBERT WEISS and CORRECTION OFFICERS "JOHN DOES 1-10", acting under the color of law, did use their Correction Officers' power to partake in a non meritorious assault and battery upon the

plaintiff, EDWARD GORMAN.

33. The acts of the defendants, individually and collectively, and in particular, the defendants, ROBERT WEISS and CORRECTION OFFICERS "JOHN DOES 1-10", acting under color of law and under the color of their authority as a Corrections Officer of the County of Suffolk, as hereinbefore set out, deprived the plaintiff, EDWARD GORMAN, of the privileges, immunities and civil rights guaranteed to the plaintiff as a citizen of the United States of America.

34. The aforesaid acts and conduct hereinbefore alleged aside from constituting violations of the United States Constitution and the Civil Rights Act constitute an assault and battery against the person of plaintiff, EDWARD GORMAN, in violation of the penal law and the protected Constitutional and Civil Rights under the laws of the State of New York, and the Constitution of the State of New York.

35. This court has supplemental jurisdiction to hear and adjudicate State claims arising thereunder.

36. On or about July 13, 2007, within ninety (90) days after the claim alleged herein arose, a written Notice of Claim was served upon defendant, COUNTY OF SUFFOLK, pursuant to Section 50 (e) of the General Municipal Law.

37. On or about August 28, 2007 the plaintiff by motion served an Amended Notice of Claim. On August 31, 2007, the Suffolk County Attorney's Office executed a stipulation whereby the defendant, COUNTY OF SUFFOLK, agreed to accept the Amended Notice of Claim.

38. That more than thirty (30) days have elapsed since the date of the said service of the said Notice of Claim and Amended Notice of Claim and the defendant has neglected and

refused to make payment of the aforesaid claim.

39. This action was served within one year and ninety (90) days from the date of the occurrence.

40. As a result of the violations hereinbefore set forth, plaintiffs have been damaged in the sum of Ten Million ($10,000,000.00) dollars.

## COUNT FOUR
### (Against Defendants, CORRECTION OFFICERS "JOHN DOES 1-10")
### Assault and Battery

41. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "40" of the verified complaint as if fully set forth at length herein.

42. Upon information and belief, on or about May 4, 2007, the defendants, CORRECTION OFFICERS "JOHN DOES 1-10", acting under the color of law, did use their Correction Officers' power to partake in a non meritorious assault and battery upon the plaintiff, EDWARD GORMAN.

43. The acts of the defendants, individually and collectively, and in particular, the defendants, CORRECTION OFFICERS "JOHN DOES 1-10", acting under color of law and under the color of their authority as Corrections Officers of the County of Suffolk, as hereinbefore set out, deprived the plaintiff, EDWARD GORMAN, of the privileges, immunities and civil rights guaranteed to the plaintiff as a citizen of the United States of America.

44. The aforesaid acts and conduct hereinbefore alleged aside from constituting violations of the United States Constitution and the Civil Rights Act constitute an assault and battery against the person of plaintiff, EDWARD GORMAN, in violation of protected Constitutional and Civil Rights under the laws of the State of New York, and the Constitution of the State of New York.

45. This court has supplemental jurisdiction to hear and adjudicate State claims arising thereunder.

46. On or about July 13, 2007, within ninety (90) days after the claim alleged herein arose, a written Notice of Claim was served upon defendant, COUNTY OF SUFFOLK, pursuant to Section 50 (e) of the General Municipal Law.

47. On or about August 28, 2007 the plaintiff by motion served an Amended Notice of Claim. On August 31, 2007, the Suffolk County Attorney's Office executed a stipulation whereby the defendant, COUNTY OF SUFFOLK, agreed to accept the Amended Notice of Claim.

48. That more than thirty (30) days have elapsed since the date of the said service of the said Notice of Claim and Amended Notice of Claim and the defendant has neglected and refused to make payment of the aforesaid claim.

49. This action was served within one year and ninety (90) days from the date of the occurrence.

50. As a result of the violations hereinbefore set forth, the plaintiff, EDWARD GORMAN, has been damaged in the sum of Ten Million ($10,000,000.00) dollars.

## COUNT FIVE

51. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "50" of the complaint as if fully set forth at length herein.

52. The defendants, individually and collectively, acting under the color of law and as Correction Officers of the County of Suffolk, as hereinbefore set out, deprived the plaintiff of the privileges and immunities guaranteed and afforded this plaintiff as a citizen of the United States of America.

53. The aforesaid actions, omissions and commissions, policies and practices as set forth in the hereinbefore mentioned paragraphs of the complaint constitute a course of conduct by the defendants that violated the plaintiff, EDWARD GORMAN'S Constitutional Rights and rights afforded to the plaintiff pursuant to the 42 U.S.C. 1983, 1985 and 1986, whereby the plaintiff was deprived as a result of the concerted actions of the defendants, individually and/or collectively, of equal protection under the law and by failing to treat and afford the plaintiff adequate protection while in the Suffolk County correctional institution from the defendants, ROBERT WEISS and CORRECTION OFFICERS "JOHN DOES 1-10", as set forth hereinbefore.

54. As a result of the foregoing, the plaintiff, EDWARD GORMAN has been damaged in the sum of Twenty-Five Million ($25,000,000.00) dollars.

## COUNT SIX

55. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "54" of the complaint as if fully set forth at length herein.

56. The defendants, individually and collectively, having committed the acts complained of herein and by violating the plaintiff, EDWARD GORMAN'S civil rights as embodied in 42 U.S.C. 1985, knowingly omitted to provide the plaintiff protection from the acts of its employees and in so doing failed to exercise the power to prevent the commission of offenses and abuse in violation of plaintiff's civil rights by the defendants, ROBERT WEISS and CORRECTION OFFICERS "JOHN DOES 1-10".

57. The defendant, County of Suffolk, failed to discharge the defendants, ROBERT WEISS and CORRECTION OFFICERS "JOHN DOES 1-10", as its agents, servants and employees after being made aware of the fact that the defendants, ROBERT WEISS and

CORRECTION OFFICERS "JOHN DOES 1-10", had in the past and prior to and during the incidents set forth in this complaint, assaulted, abused, harassed and violated the civil rights of the plaintiff and, upon information and belief, assaulted, abused harassed and violated the Civil Rights of others, failed to take any reasonable action to prevent further abuses, assaults and/or personal injuries to the plaintiff which constituted a further violation of the plaintiff's civil rights.

58. Solely as a result of the foregoing, the plaintiff, EDWARD GORMAN, has been damaged in the sum of Twenty-Five Million ($25,000.000.00) dollars.

## COUNT SEVEN

59. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "58" of the complaint as if fully set forth at length herein.

60. The actions of the defendant, County of Suffolk, in failing to properly supervise, control and otherwise discharge the defendants, ROBERT WEISS and CORRECTION OFFICERS "JOHN DOES 1-10", who were at all times mentioned herein employees of the County of Suffolk acting under its control and supervision, were negligent, reckless and careless.

61. The defendants' course of conduct against the plaintiff were deliberately calculated to cause emotional and physical personal injury to the person of the plaintiff, EDWARD GORMAN, and constituted a reckless disregard and callous lack of concern for the plaintiff's safety while in the custody of the Suffolk County correctional institution, from bodily injury and/or emotional injury which, taken as a whole, was grossly negligent.

62. The behavior, actions and conduct of the defendants, ROBERT WEISS and CORRECTION OFFICERS "JOHN DOES 1-10", as employees of the defendant, County of Suffolk, constitutes gross negligence by failing to supervise and allowing continued employment by the defendant, County of Suffolk, of the defendants, ROBERT WEISS and CORRECTION

OFFICERS "JOHN DOES 1-10", which caused serious bodily harm, injury and civil rights violations to the plaintiff, EDWARD GORMAN.

63. As a result of the foregoing, the plaintiff, EDWARD GORMAN, has been damaged in the sum of Twenty-Five Million ($25,000,000.00) dollars.

## COUNT EIGHT

64. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "63" of the complaint as if fully set forth at length herein.

65. The acts and conduct herein alleged aside from violations of the United States Constitution, 42 U.S.C. 1983, 42 U.S.C. 1985, 42 U.S.C. 1986, constitute negligence or gross negligence in violation of state protected constitutional and civil rights under the laws and Constitution of the State of New York.

66. This court has supplemental jurisdiction to hear and adjudicate state claims arising thereunder.

67. As a result thereof the plaintiff, EDWARD GORMAN, has been damaged in the sum of Twenty Five Million ($25,000,000.00) dollars.

## COUNT NINE

68. The plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "67" of the complaint as if fully set forth at length herein.

69. At all times hereinafter mentioned, the plaintiffs, EDWARD GORMAN and NICOLE GOLDENBERG, were and still are husband and wife and are living together as such.

70. By reason of the foregoing and the aforementioned acts of the defendants, the plaintiff, NICOLE GOLDENBERG, was and continues to be deprived of the consortium, society, companionship, affection and service of his wife, the plaintiff, EDWARD GORMAN,

all to her damage in a sum of Five Hundred Thousand ($500,000.00) dollars.

## COUNT TEN

71.     The plaintiffs, repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "70" as if fully set forth at length herein.

72.     Pursuant to 42 U.S.C. Section 1988, the plaintiff herein requests an award of reasonable attorneys fees for the violations committed against the plaintiff by the defendants.

**WHEREFORE**, plaintiffs demand the following relief, against all of the defendants, jointly and severally:

(a)     That this court convene a jury for this case and that a jury trial be conducted;

(b)     Compensatory damages in the amount of Ten Million ($10,000,000.00) dollars as and for the allegations contained in Count One;

(c)     Compensatory damages in the amount of Ten Million ($10,000,000.00) dollars as and for the allegations contained in Count Two;

(d)     Compensatory damages in the amount of Ten Million ($10,000,000.00) dollars as and for the allegations contained in Count Three;

(e)     Compensatory damages in the amount of Ten Million ($10,000,000.00) dollars as and for the allegations contained in Count Four;

(f)     Compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) dollars as and for the allegations contained in Count Five;

(g)     Compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) dollars as and for the allegations contained in Count Six;

(h)     Compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) dollars as and for the allegations contained in Count Seven;

(j)     Compensatory damages in the amount of Twenty-Five Million ($25,000,000.00) dollars as and for the allegations contained in Count Eight;

(k)     On behalf of the plaintiff, NICOLE GOLDENBERG, Five Hundred Thousand ($500,000.00) Dollars as and for the allegations contained in Count Nine;

(l)     Attorneys fees pursuant to 42 U.S.C., Section 1988, as and for the allegations contained in Count Ten;

(m)     Punitive damages in the amount of One hundred Million ($100,000,000.00) dollars against the defendants;

(n)     That this court invoke supplemental jurisdiction for all State claims and causes of action in this case;

(o)     Interest, costs and disbursements as allowed by law; and

(p)     For such other and further relief as this Court may deem just and proper.

Dated: East Northport, New York
       January 25, 2008

                                              JOHN L. JULIANO, P.C.

                                              By: _____
                                              John L. Juliano (7625)
                                              39 Doyle Court
                                              East Northport, New York, 11731
                                              (631) 499-9300

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF SUFFOLK   )

EDWARD GORMAN, being duly sworn, says:

That deponent is a Plaintiff of the within action; that deponent has personally read the foregoing COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes to be true.

_____
EDWARD GORMAN

Sworn to before me this
1st day of February, 2008

_____
Notary Public

JONATHAN JULIANO
Notary Public, State of New York
No. 02JU6008340
Qualified in Suffolk County
Commission Expires June 8, 20 10

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF SUFFOLK )

NICOLE GOLDENBERG, being duly sworn, says:

That deponent is a Plaintiff of the within action; that deponent has personally read the foregoing COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes to be true.

_____
NICOLE GOLDENBERG

Sworn to before me this
___ day of February, 2008

_____
Notary Public
JONATHAN JULIANO
Notary Public, State of New York
No. 02JU6008340
Qualified in Suffolk County
Commission Expires June 8, 2010

STATE OF NEW YORK, COUNTY OF                              ss.:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ **Certification By Attorney** certify that the within
has been compared by me with the original and found to be a true and complete copy.

☐ **Attorney's Affirmation** state that I am
the attorney(s) of record for                                                                 in the within
action; I have read the foregoing                                          and know the contents thereof;
the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.

Dated:

................................................................
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                              ss.:

I,                                                being duly sworn, depose and say: I am

☐ **Individual Verification** in the within action; I have read the foregoing
and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification** the                              of
a                                corporation and a party in the within action; I have read the foregoing
and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verfication is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on                              20

................................................................
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                              ss.:           (If more than one box is checked -- indicate after names type of service used.)

I,                                                being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On                              20           I served the within

☐ **Service By Mail** by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

☐ **Personal Service on Individual** by delivering a true copy thereof personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein:*

☐ **Service by Electronic Means** by transmitting the papers by electronic means to the telephone number listed below, which number was designated by the attorney for such purpose. I received a signal from the equipment of the attorney served indicating that the transmission was received. I also deposited a true copy of the papers, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service, addressed to the attorney at the address set forth after the name:

☐ **Overnight Delivery Service** by depositing a true copy thereof, enclosed in a wrapper addressed as shown below, into the custody of
for overnight delivery, prior to the latest time designated by that service for overnight delivery.

Sworn to before me on                              20

................................................................
The name signed must be printed beneath

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Index No. _____ Year 20__

EDWARD GORMAN and NICOLE GOLDENBERG,

Plaintiffs,

-against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY SHERIFF, VINCENT F. DeMARCO, CHARLES E. EWALD WARDEN OF SUFFOLK COUNTY JAIL, SUFFOLK COUNTY SHERIFF'S OFFICE, ROBERT WEISS, and CORRECTION OFFICERS "JOHN DOES 1-10",

Defendants.

## CIVIL SUMMONS AND VERIFIED COMPLAINT

**JOHN L. JULIANO, P.C.**

*Attorney(s) for* **Plaintiff**

*Office and Post Office Address, Telephone*
HILLSIDE BUILDING
39 Doyle Court
EAST NORTHPORT, NEW YORK 11731
Telephone (631) 499-9300
Fax # (631) 462-2532

To

Service of a copy of the within is hereby admitted.

Dated: ........................... 20........

................................................

Attorney(s) for

**PLEASE TAKE NOTICE:**

☐ **NOTICE OF ENTRY**

that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on                     20

☐ **NOTICE OF SETTLEMENT**

that an order
will be presented for settlement to the HON.
within named Court, at
on            20         at                M.

of which the within is a true copy
one of the judges of the

Dated,

Yours, etc.

**JOHN L. JULIANO, P.C.**