**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
EDWARD GORMAN and
NICOLE GOLDENBERG,

       Plaintiffs,

                  **ORDER**

    - against -

                  CV 08-533 (ADS) (AKT)

COUNTY OF SUFFOLK, VINCENT F. DEMARCO
*Suffolk County Sheriff*, CHARLES E. EWALD
*Warden of Suffolk County Jail*, ROBERT WEISS,
JOHN DOES *1-10 Correction Officers* and
SUFFOLK COUNTY SHERIFF'S OFFICE,


       Defendants.
-----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

   Presently before the Court are (1) Plaintiff Nicole Goldenberg's motion [DE 45] to compel Defendants' responses to Plaintiff's Second Request for the Production of Documents and Second Set of Written Interrogatories; (2) Plaintiff's supplemental letter [DE 47] dated December 14, 2009; and (3) Defendants' opposition [DE 48] to Plaintiff's motion.

   The Court has reservations about Plaintiff Goldenberg' counsel's purported attempts to confer in good faith with Defendants' counsel regarding Plaintiff's objections to Defendants' discovery responses. Having reviewed Plaintiff's motion [DE 45], Plaintiff's supplemental letter [DE 47], and Defendants' opposition [DE 48], I am DENYING Plaintiff's motion, without prejudice, and directing counsel for Plaintiff Goldenberg and Defendants to converse with each other directly to attempt to resolve the outstanding discovery issues. In addition, I note that Plaintiff Goldenberg's Motion to Compel and Supplement Letter do not comply with Rule 37.1

of the Local Civil Rules of the Eastern District of New York.  Local Rule 37.1 provides, in

pertinent part:

> Upon any motion or application involving discovery or disclosure
> requests or responses under Rule 37 of the Federal Rules of Civil
> Procedure, the moving party shall specify and quote or set forth
> verbatim in the motion papers each discovery request and response to
> which the motion or application is addressed.  The motion or
> application shall also set forth the grounds upon which the moving
> party is entitled to prevail as to each request.

In addition, there are several other issues which I am bringing to the parties' attention.

First, Defendants are not required to produce any medical records pertaining to Plaintiff Gorman.

If Plaintiff Goldenberg wishes to obtain these records, she may request them from counsel for

Plaintiff Gorman.  Second, the Court is concerned that a significant number of Plaintiff

Goldenberg's requests do not appear to be focused on her claims in this case, namely, loss of

consortium.

As to Defendants' discovery responses [DE 47, Ex. 1], collectively referring counsel to

the previously produced Internal Affairs Report is insufficient.  If Defendants wish to utilize such

method of responding to discovery requests, then counsel is to designate the specific page

number(s) which Defendants maintain are responsive to Plaintiff's document requests.

Moreover, with respect to Defendants' response to Plaintiff's requests numbered 130, 131, 132

and 133, what ever materials Defendants state they will produce is to be served forthwith.

To the extent counsel cannot work out any of these issues after their good faith meet-and-

confer, the aggrieved party may file a motion to compel that complies with Local Rule 37.1 and

my Individual Practice Rules.

**SO ORDERED.**

Dated: Central Islip, New York
          December 15, 2009


/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge