UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
EDWARD GORMAN and
NICOLE GOLDENBERG,

                Plaintiffs,

    - against -

COUNTY OF SUFFOLK,
VINCENT F. DEMARCO Suffolk County Sheriff,
CHARLES E. EWALD Warden of Suffolk County
Jail, ROBERT WEISS, JOHN DOES and
SUFFOLK COUNTY SHERIFF'S OFFICE,

                Defendants.
----------------------------------------------------------------X

**ORDER**

CV 08-533 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

Before the Court is a motion filed by Plaintiff Nicole Goldenberg to compel Plaintiff Edward Gorman to respond to outstanding document requests and interrogatories (the "Motion to Compel") [DE 46]. The Court has also received Plaintiff Goldenberg's follow-up letter dated January 4, 2010 [DE 50] stating that, to date, Plaintiff Gorman has not produced any documents. Plaintiff Goldenberg asserts that her discovery demands "are directly relevant" to the allegations set forth in the Complaint and "are narrowly tailored to discover relevant information" from Plaintiff Gorman. *See* DE 46, ¶¶ 9, 10. Plaintiff Gorman has not filed any opposition to the Motion to Compel.

Previously, by letter motion dated October 22, 2009 [DE 39], Plaintiff Goldenberg requested, *inter alia*, that the Court issue an order requiring Plaintiff Gorman to respond to Plaintiff's discovery requests dated October 22, 2009. Plaintiff Gorman did not file any opposition to that motion. After hearing from the parties during the November 30, 2009 telephone conference, I issued an order granting, in part, Plaintiff Goldenberg's motion to compel

and directing Plaintiff Gorman "to respond to Plaintiff Goldenberg's discovery requests dated October 22, 2009 by December 7, 2009." *See* DE 43, 44. According to the information currently before the Court, Plaintiff Gorman did not produce any discovery responses by the December 7, 2009 deadline and, to date, still has not produced any discovery responses. *See* DE 46, 50.

Federal Rule of Civil Procedure 34 provides that a party must serve its responses to discovery demands "in writing within 30 days after being served[,]" unless another time period is agreed to by the parties or ordered by the court. Fed. R. Civ. P. 34(b)(2)(A). Failure to respond or object to a discovery request in a timely manner waives any objection which may have been available. *See Erlich v. Village of Sea Cliff*, CV 04-4025, 2007 WL 1593241, at *4 (E.D.N.Y. Jun. 1, 2007); *Land Ocean Logistics, Inc. v. Aqua Gulf Corp.*, 181 F.R.D. 229, 236 (W.D.N.Y. 1998). In the instant case, Plaintiff Goldenberg served her Second Request for the Production of Documents on Plaintiff Gorman on October 22, 2009 (the "Document Requests"). Pursuant to this Court's Order dated November 30, 2009 [DE 43], Plaintiff Gorman's responses were due on December 7, 2009. To date, Plaintiff Gorman has neither responded nor objected to any of the Document Requests. Accordingly, Plaintiff Gorman has waived his right to object to the Plaintiff Goldenberg's Document Requests.

Rule 34 provides that a party must serve its responses to interrogatories "within 30 days after being served with the interrogatories[,]" unless otherwise agreed to by the parties or ordered by the court. Fed. R. Civ. P. 33(b)(2). The "grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Here, Plaintiff Goldenberg served Interrogatories upon Plaintiff Gorman on October 22, 2009 (the "Interrogatories"). *See* DE 46,

Ex. A. Pursuant to this Court's November 30, 2009 Order [DE 43], Plaintiff Gorman's responses and objections were due on December 7, 2009. To date, Plaintiff Gorman has neither responded to nor objected to any of the Interrogatories and has not shown good cause for such failure to respond in a timely fashion. In cases where, as here, no good cause has been shown, a finding of waiver is appropriate. *See Adkison v. Marshall & Ziolkowski Enters. LLC*, CV 07-4739, 2008 WL 1924919, at *1 (E.D.N.Y. Apr. 29, 2008) ("Any other result would ignore the time limits set forth in the Federal Rules of Civil Procedure, contribute further to the delay in resolving cases, and transform Article V of the Federal Rules of Civil Procedure from a structure of well-defined rights and obligations to a system of suggested, but non-binding, guidelines.") (Internal citation omitted.). By failing to comply with Rule 34(b), Plaintiff Gorman has waived his right to object to Plaintiff Goldenberg's Interrogatories. *See id*.

Accordingly, counsel for Plaintiff Gorman is directed to serve responses to Plaintiff Goldenberg's Second Request for the Production of Documents and Interrogatories no later than the close of business on January 18, 2010. If Plaintiff Gorman fails to provide the required discovery responses or if the responses served are insufficient, this Court will entertain a motion by Plaintiff Goldenberg for sanctions, including reasonable attorney's fees, for having to file any further motions to resolve this issue.

**SO ORDERED.**

Dated: Central Islip, New York
January 6, 2010

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge