**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
EDWARD GORMAN,

                        Plaintiff,

        - against -

COUNTY OF SUFFOLK, VINCENT F.
DEMARCO Suffolk County Sheriff, CHARLES
E. EWALD Warden of Suffolk County Jail,
ROBERT WEISS, JOHN DOES 1-10
Correction Officers, and SUFFOLK COUNTY
SHERIFF'S OFFICE,
Defendants.,

                        Defendants.
-----------------------------------------------------------X

**ORDER**

CV 08-533 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

After failing to comply with the Court's Orders on numerous occasions regarding the submission of a Proposed Joint Pre-Trial Order, the parties finally submitted a Proposed Joint Pre-Trial Order on March 26, 2012. The Court reviewed the Order and found that it was not in substantial compliance with Judge Spatt's Individual Practice Rules. DE 83. Counsel were given specific instructions regarding the changes that needed to be made and were directed to submit an Amended Joint Pre-Trial Order by May 17, 2012. *Id*.

As has become a pattern in this case, counsel failed to file the Amended Pre-Trial Order on May 17, 2012. Moreover, counsel did not make any contact with the Court regarding the reason for the delay, nor did counsel return calls made by my law clerk inquiring as to the status of the submission. As a result, the Court set a conference for May 31, 2012 and warned counsel that sanctions would be imposed if counsel failed to appear. *See* Electronic Order Dated May 24, 2012. Plaintiff's counsel, Attorney Foy, failed to appear for that conference. As the Court noted,

there is no amount of exhortation, counseling, cajoling or warning of consequences and sanctions which appears to move Attorney Foy to action. DE 85. The Court therefore directed Attorney Foy to file a completed and revised Amended Joint Pre-Trial Order on ECF by June 5, 2012 or face monetary sanctions. *Id*. Attorney Foy failed to comply with this directive, but given the explanation provided by counsel, *see* DE 87, the Court declined to impose sanctions. *See* Electronic Order Dated June 4, 2012. Instead, the Court stated that it was "giving Attorney Foy one final opportunity to file the Amended Pre-Trial Order." *Id*. The Amended Pre-Trial Order was to be filed by June 11, 2012. *Id*.

June 11, 2012 came and went and no submission was filed by the parties. Several days after the deadline passed, Attorney Foy contacted my Courtroom Deputy and advised her that the Amended Pre-Trial Order was forthcoming. On June 22, 2012, counsel for Defendants, Richard Dunne, filed Defendants' Proposed Pre-Trial Order. DE 88. Thereafter, Attorney Foy filed a document entitled "Combined Pretrial Order Schedules," DE 89, which the Court presumes is the parties' purported Amended Joint Pre-Trial Order. *Id*.

In addition to the lateness of the submission, which is inexcusable, the document submitted does not comply with the Court's April 16, 2012 Order. The April 16, 2012 Order included the following directives:

- The case cannot be certified with "John Doe" defendants in the caption.

- With regard to the stipulation of facts, the parties are directed to work out whatever objections Defendants have to the wording of Plaintiff's facts.

- With regard to the witness lists, the parties must state whether the witnesses will be appearing in person or by deposition.

- Plaintiff's exhibit list needs to be more specific. Counsel should list exhibits by number and include a description or Bates number of the document. The lists for both parties should be in chart form and include a column for objections. Counsel should specify the basis for any objection (hearsay, relevance, 404(b), etc.). **Any objections not so stated will be deemed waived once the trial-ready certification Order is entered.**

*See* DE 83. Counsel have not complied with these directives in drafting the Amended Pre-Trial Order. Although the John Doe Defendants have been removed from the caption in the Amended Pre-Trial Order, the stipulated facts section is identical to the section previously submitted that the Court found unacceptable. As to the witnesses, it is still unclear whether Defendants' witnesses will testify in person or by deposition. Plaintiff's witness list is not a model of clarity, but the Court assumes the listed witnesses will testify in person. The exhibit lists are identical to the lists previously submitted and are therefore entirely unacceptable.

In view of the foregoing information and the inability of counsel to comply with the Orders of this Court at every turn, I am directing that the parties appear here for a conference on July 13, 2012 at 10:30 a.m. and be prepared to stay for the duration of the day until the Amended Pre-Trial Order is in compliance with the directives of this Court. Further, counsel are directed to bring a laptop or any other device which will enable them to complete the assigned task while present in the courtroom. The Court will not adjourn this date under any circumstances, with the exception of an affidavit of engagement showing that counsel is actively engaged in trial on that specific day.

**SO ORDERED.**

Dated: Central Islip, New York
       June 28, 2012

                                             /s/ A. Kathleen Tomlinson
                                             A. KATHLEEN TOMLINSON
                                             U.S. Magistrate Judge